USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/01/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

GUY MARSHALL,

                Plaintiff,

  - v -

NATIONAL ASSOCIATION OF LETTER
CARRIERS BR36, NATIONAL ASSOCIATION
OF LETTER CARRIERS, EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, NATIONAL LABOR
RELATION BOARD, UNITED STATES POSTAL
SERVICE, JOHN E. POTTER, POSTMASTER
GENERAL, et al.,

                Defendants.
----------------------------------------------------------x

03 Civ. 1361 (LTS)(AJP)

## AMENDED MEMORANDUM OPINION AND ORDER

By Order dated September 29, 2004, this Court adopted the Reports and Recommendations of Magistrate Judge Andrew Peck dismissing the above-captioned actions and denying Plaintiff Guy Marshall's motion for a preliminary injunction. Judgment in Defendants' favor was entered in each action on or about October 5, 2004. Plaintiff now moves for reconsideration, requests that this Court recuse itself, moves to amend the judgment, and moves for a trial, all of which applications Defendants oppose.

The Court treats Plaintiff's applications, insofar as they are directed to the September 29, 2004, decision, as requests for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, which authorizes relief from a final judgment or order on the grounds, inter alia, of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or

"any other reason justifying relief from the operation of the judgment." The Court has considered thoroughly the parties' submissions in connection with these motions and the arguments contained therein. For the reasons that follow, Plaintiff's motions are denied.

Motion for Reconsideration

Plaintiff seeks, in essence, reconsideration and vacatur of the September 29, 2004, decision. He reiterates many of the arguments advanced in his earlier submissions, contending that the Court's determinations constituted "plain error" in many respects and wrought manifest injustice.[1] Although Plaintiff argues zealously for the requested relief, he does not identify any controlling decisions or factual matters that the Court overlooked in the September 29, 2004, Order. Rather, he simply debates the Court's conclusions. Nor do Plaintiff's submissions demonstrate that the analyses set forth in Magistrate Judge Peck's Report and Recommendation in these cases, or this Court's Order adopting those Reports and Recommendations, are so erroneous as to constitute plain error or manifest injustice.

The undersigned and Magistrate Judge Peck have indeed reviewed thoroughly and sympathetically, all of Plaintiff's submissions in these and other related cases. We have applied the law in a thorough and appropriate manner. Plaintiff's frustration with not having been permitted to engage in discovery or take his case through to trial is understandable, but the courts are bound to apply the law and, in these cases, dismissal of Plaintiff's claims was warranted under the law, for the reasons detailed in Judge Peck's Reports and

---

[1] See Virgin Atlantic Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (internal citation omitted).

Recommendations and the September 29, 2004, Order adopting them.

Because those decisions are so detailed and deal with the arguments Plaintiff again seeks to raise here, the Court will not address in this Order the details of Plaintiff's contentions. The Court will, however, supplement the explanations in those earlier decisions in one respect. Plaintiff argues here (as he did earlier) that his Title VII claim was filed timely because of the date and manner in which the Equal Employment Opportunity Commission ("EEOC") issued his Right to Sue letter. Even if the Court accepted Plaintiff's factual analysis of the timeliness issue as true, however, the Title VII claims relating to the events in 1999 and earlier would still be barred by res judicata and collateral estoppel arising from, among other things, the dismissal on the merits of his Title VII claims in Marshall II on the ground that Plaintiff failed to offer any facts giving rise to an inference of racial discrimination. (See Order, Marshall v. Nat'l Ass'n of Letter Carriers Br. 36, et al., Nos. 00 Civ. 3167, 01 Civ. 3086, February 3, 2003, at 18.) Furthermore, Plaintiff's claims regarding post-1999 negative references citing the termination and the reasons therefor depend on his contention that the employment termination and earlier disciplinary determinations were wrongful. Under the preclusion doctrines discussed in Magistrate Judge Peck's Reports and Recommendations, and this Court's September 29, 2004, Order, Plaintiff can no longer seek to establish that those actions cited in the references were taken wrongfully.

Accordingly, Plaintiff's application for reconsideration and relief from the judgment is denied.

Motion for Recusal

Plaintiff also moves, pursuant to 28 U.S.C. § 455(a), for recusal of the undersigned. Section 455(a) provides that "[a]ny . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C.A. § 455(a) (West 1993). As the Second Circuit has explained, "the test of impartiality is what a reasonable person, knowing and understanding all the facts and circumstances, would believe." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1308 (2d Cir. 1988). The Second Circuit has further stated, however, that "[a] judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is." Id. at 1312. In the instant matter, Plaintiff's argument is essentially that, because the Court ruled in favor of Defendants in granting the motions to dismiss, the Court has shown itself to be biased. Aside from disagreeing with the Court's legal analysis, Plaintiff has not proffered any evidence from which a reasonable person could conclude that the Court has conducted itself in anything less than an impartial manner. Simply because the Court determines that the law does not favor a litigant does not mean that the Court is biased against that litigant. Plaintiff's motion for recusal is denied.

## CONCLUSION

The Court has reviewed Plaintiff's arguments in support of his motion for reconsideration and relief from the judgment, and in support of his motion for the Court to recuse itself, as well as Defendants' opposition thereto. For the foregoing reasons, Plaintiff's motions are denied in their entirety.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated:  New York, New York
        June 1, 2005

/s/ Laura Taylor Swain

LAURA TAYLOR SWAIN
United States District Judge